UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-40049 |
| ) | |
| TERASENCE STEVEN MITTEN, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant's *pro se* Motion for Early Termination of Supervised Release. (ECF No. 50). For the reasons stated below, his Motion is DENIED.

### BACKGROUND

On November 19, 2008, Defendant pleaded guilty to possession with intent to distribute cocaine base (Count 1). (ECF No. 52 at 2). Following a jury trial, Defendant was convicted of possessing a firearm in furtherance of his drug trafficking crime (Count 2). (ECF No. 18). On March 23, 2009, the Court sentenced Defendant to a total of 180 months of imprisonment followed by eight years of supervised release. (ECF No. 29).

On March 22, 2019, following a motion pursuant to the First Step Act, the Court reduced Defendant's sentence to 132 months followed by six years of supervised release. (ECF No. 45 at 2-3). The sentence reduction resulted in his immediate release and the commencement of supervised release.

On April 6, 2021, Defendant filed a Motion for Early Termination of Supervised Release and requested the Court to appoint counsel. (ECF No. 50). The Court directed the Government to

file a response. The Government filed its Response in opposition to the Defendant's Motion on May 24, 2021. (ECF No. 52). This Order follows.

## DISCUSSION

After considering the factors set forth in 18 U.S.C. § 3553(a), a court may terminate supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

The Government and the U.S. Probation Office for the Central District of Illinois object to early termination due to Defendant's minimal time under supervision and because safety measures implemented during the COVID-19 pandemic resulted in limited in-person oversight of Defendant. (ECF No. 52 at 3). During the last two years of supervision, Defendant has maintained employment and a home address; he has not tested positive for drugs; and he has not been arrested for new offenses. *Id*. Defendant's criminal history includes convictions for armed drug trafficking, theft (three convictions), obstruction, and battery. *Id*. On two previous occasions, Defendant committed new law violations while under court supervision and faced at least one revocation petition for a failure to abide by terms of supervision. *Id*. (citing PSR ¶ 36-39).

After consideration of the various factors outlined in 18 U.S.C. § 3553, this Court finds that early termination is not warranted nor is it in the interest of justice at this time. Defendant has served approximately two years of his six-year term of supervised release. While the Court commends Defendant for complying with the conditions of his supervised release, the Court finds that he would continue to benefit from additional supervision, especially due to his criminal history. Moreover, Defendant's current supervision, which consists of quarterly reporting, is not

overly burdensome. Therefore, his request for the assistance of counsel and for the early termination of his supervised release is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Early Termination of Supervised Release [50] is DENIED.

ENTERED this 25th day of May, 2021.

                                                  s/ Michael M. Mihm
                                                  Michael M. Mihm
                                                  United States District Judge